IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GULF STATES MARINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-06-0104-HE |
| ) | |
| LAKE CUMBERLAND MARINE, LLC ) | |
| and RANDY HARTMANN, an individual, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Gulf States Marine, LLC ("Gulf States") has filed a motion seeking summary judgment on the counterclaims of defendants Lake Cumberland Marine, LLC ("LCM") and Randy Hartmann. The defendants have simultaneously moved for summary judgment on the plaintiff's claims against them.

While the court does not find there is "ample" evidence to support all of the defendants' counterclaims, it does find the defendants have demonstrated the existence of material fact disputes that warrant the submission of their breach of contract, fraud and negligent misrepresentation claims to a jury.

The court similarly finds that fact questions exist which preclude summary judgment in the defendants' favor on the plaintiff's claims, with one exception. In their motion, the defendants argue that the plaintiff has not shown a basis for holding defendant Hartmann personally liable for the acts or debts of LCM. In its response brief, the plaintiff only discusses its noncontract claims against defendant Hartmann, asserting that he is individually liable for his fraudulent actions. *See* plaintiff's response, pp. 12 ¶34, 23-24.

"Under Oklahoma law, an officer may be held liable for the torts that he personally commits." <u>Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett</u>, 24 F.3d 136, 141 (10th Cir. 1994).[1] Therefore, because defendant Hartmann can be held individually liable for any torts he committed, despite his status as LCM's employee, and due to the existence of genuine issues of material fact, the plaintiff's tort claims against defendant Hartmann will proceed to trial.

The plaintiff, by not addressing the defendants' motion insofar as it seeks summary judgment on the plaintiff's contract claims against defendant Hartmann, confessed that aspect of their motion and/or abandoned those claims. *See* LCvR.7.2(f). Gulf States also failed to offer any evidence demonstrating that the corporate veil should be pierced because the company is an instrumentality or alter ego of defendant Hartmann. The fact that he is one of LCM's two shareholders is not enough. Summary judgment will therefore be entered in defendant Hartmann's favor on the plaintiff's contract claims once the case is concluded as to all claims and parties. *See* Fed.R.Civ.P. 54(b).

Accordingly, with the exception noted above, the motions for summary judgment filed by the plaintiff and defendants [Doc. Nos. 42, 43] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of Feb., 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *As the parties cite Oklahoma law in their briefs, the court assumes it applies.*